UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AIMEE LEIGH EDLIN,<br><br>                  Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                 Defendant. | NO:  13-CV-3106-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 16 and 20).  Thomas Bothwell represents Plaintiff.  Sarah L. Martin represents Defendant.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

1    court "may not reverse an ALJ's decision on account of an error that is harmless."

2    *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3    ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4    The party appealing the ALJ's decision generally bears the burden of establishing

5    that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6                    **FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

7             A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act.  First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months."  42 U.S.C. §§  423(d)(1)(A); 1382c(a)(3)(A).  Second, the claimant's

13   impairment must be "of such severity that he is not only unable to do his previous

14   work[,] but cannot, considering his age, education, and work experience, engage in

15   any other kind of substantial gainful work which exists in the national economy."

16   42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

17            The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  defined generally as the claimant's ability to perform physical and mental work

2  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3  404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4  analysis.

5      At step four, the Commissioner considers whether, in view of the claimant's

6  RFC, the claimant is capable of performing work that he or she has performed in

7  the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10  404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11  analysis proceeds to step five.

12      At step five, the Commissioner considers whether, in view of the claimant's

13  RFC, the claimant is capable of performing other work in the national economy.

14  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15  the Commissioner must also consider vocational factors such as the claimant's age,

16  education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19  work, the analysis concludes with a finding that the claimant is disabled and is

20  therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits and supplemental security income disability benefits on February 16, 2010, alleging a disability onset date of October 31, 2009. Tr. 149-55; 156-59. Her claims were denied initially and upon reconsideration. Tr. 83-85, 91-96, 97-103. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on December 5, 2011. Tr. 42-78. The ALJ issued a decision denying Plaintiff benefits on February 29, 2012. Tr. 12-32.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2015. Tr. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2009, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: seizure disorder; headache disorder; and cognitive disorder, not otherwise specified. *Id.* at 18. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal

a listed impairment.  *Id.* at 18-19.  The ALJ then determined that Plaintiff had the

residual functional capacity ("RFC") to

> perform a reduced range of light work. The claimant can perform
> work that does not involve lifting and/or carrying more than 10
> pounds frequently or more than 20 pounds occasionally; standing
> and/or walking for more than a total of 6 hours in an 8-hour workday
> with normal breaks; any climbing of ladders, ropes, or scaffolds; any
> exposure to hazards, including unprotected heights or moving
> machinery; more than occasional ramp or stair climbing; more than
> occasional balancing, kneeling, crouching, or crawling; or moderate
> exposure to noise or vibration. Additionally, the claimant can perform
> lower-level semi-skilled work that does not require greater than level-
> 3 special vocational preparation (SVP3) or more than superficial
> contact with the general public.

*Id.* at 20.  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work.  *Id.* at 25.  At step five, the ALJ found that Plaintiff could perform

other work existing in significant numbers in the national economy in

representative occupations, such as small products assembler, light packaging

worker, and electronic worker.  *Id.* at 26.  Thus, the ALJ concluded that Plaintiff

was not disabled under the Social Security Act and denied her claims on that basis.

*Id.* at 26-27.

On March 26, 2012, Plaintiff requested review of the ALJ's decision by the

Appeals Council.  *Id.* at 9-11.  The Appeals Council denied Plaintiff's request for

review on September 9, 2013, *id.* at 1-8, making the ALJ's decision the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Commissioner's final decision for purposes of judicial review.   20 C.F.R. §§

404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits and supplemental security income disability

benefits under Title II and Title XVI of the Social Security Act.  Plaintiff has

raised the following three issues for this Court's review:

1. Whether the ALJ erred in assessing Plaintiff's credibility;

2. Whether the ALJ erred in rejecting Dr. Degooyer's medical opinion; and

3. Whether the ALJ failed to pose a legally sufficient hypothetical question, including all Plaintiff's limitations, to the vocational expert.

ECF No. 16 at 9-10.

## DISCUSSION

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs,

symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

§§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

need not offer further medical evidence to substantiate the alleged severity of his or

her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).
As long as the impairment "could reasonably be expected to produce [the]
symptoms," the claimant may offer a subjective evaluation as to the severity of the
impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms
"cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation
omitted).

 If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ
must make a credibility determination with findings sufficiently specific to permit
[a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's
testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making
this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation
for truthfulness; (2) inconsistencies in the claimant's testimony or between his
testimony and his conduct; (3) the claimant's daily living activities; (4) the
claimant's work record; and (5) testimony from physicians or third parties
concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there
is no evidence of malingering, the ALJ's reasons for discrediting the claimant's
testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d
661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must
specifically identify the testimony she or he finds not to be credible and must

1   explain what evidence undermines the testimony." *Holohan v. Massanari*, 246

2   F.3d 1195, 1208 (9th Cir. 2001).

3        Plaintiff contends that the ALJ improperly discredited her credibility.  ECF

4   No. 16 at 16-18.  This Court disagrees.  The ALJ provided the following specific,

5   clear, and convincing reasons supported by substantial evidence for finding

6   Plaintiff's statements "not credible to the extent they are inconsistent" with the

7   RFC finding, Tr. 21: (1) Plaintiff's statements were inconsistent with the objective

8   medical evidence; (2) Plaintiff was not always compliant with prescribed

9   treatment; (3) Plaintiff's statements were inconsistent with her daily activities; and

10  (4) Plaintiff made several inconsistent statements throughout the record.

11       First, the ALJ found that Plaintiff's statements concerning the severity of her

12  symptoms and limitations were inconsistent with the objective medical evidence.

13  Tr. 21-22.  In support, the ALJ highlighted the following: although Plaintiff

14  complained of limitations from disabling seizures and vertigo, MRIs and other

15  neurological testing did not support Plaintiff's contentions (Tr. 21, 295, 297, 413,

16  421, 461, 463, 464); similarly, although Plaintiff testified to severe symptoms

17  associated with her headaches, normal neurologic examinations and diagnostic

18  studies were inconsistent with the presence of disabling headaches (Tr. 22, 295,

19  297, 413, 421, 461, 463, 464).  These inconsistencies between Plaintiff's alleged

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    limitations and the objective medical evidence provided a permissible and

2    legitimate reason for discounting Plaintiff's credibility.  *Thomas*, 278 F.3d at 958.

3        Second, the ALJ found that Plaintiff's statements concerning the severity of

4    her symptoms and limitations were inconsistent with less than full compliance with

5    prescribed and recommended treatment.  Tr. 21.  For instance, the ALJ noted the

6    following:

> The claimant's failure to comply with treatment recommendations,
> including maintaining a headache diary, using a Day-Timer to
> increase information capture, and attending speech therapy for
> cognitive rehabilitation and physical therapy for vestibular
> rehabilitation undermine her credibility regarding any alleged
> subjective complaints or functional limitations secondary to these
> impairments.

11   Tr. 23 (citing Tr. 390-92, 413).  These inconsistencies between Plaintiff's

12   alleged limitations and her lack of compliance with treatment, provided a

13   permissible and legitimate reason for discounting Plaintiff's credibility.

14   *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (finding that a

15   plaintiff's "unexplained or inadequately explained failure to seek treatment

16   or to follow a prescribed course of treatment" provided legitimate reason for

17   rejecting claimant's credibility).

18       Third, the ALJ found Plaintiff's description of her daily activities

19   inconsistent with the disabling symptoms and limitations alleged.  Tr. 23.

20   Although Plaintiff alleged disabling physical and mental impairments, the ALJ

1    found Plaintiff's daily activities—which included exercise at home, Pilates, taking

2    her children to school, running errands, grocery shopping, doing the laundry,

3    vacuuming, preparing dinner, and helping her children with homework—

4    demonstrated Plaintiff capable of a reduced range of light work.  Tr. 23.  These

5    inconsistencies between Plaintiff's alleged limitations and her reported daily

6    activities provided a permissible and legitimate reason for discounting Plaintiff's

7    credibility.  *Thomas*, 278 F.3d at 958-59; *see also Orn v. Astrue*, 495 F.3d 625, 639

8    (9th Cir. 2007) (finding that daily activities may be relevant to an adverse

9    credibility finding either because they contradict a claimant's testimony or

10   demonstrate abilities and skills that can easily transfer to a workplace setting).

11        Finally, the ALJ noted several inconsistencies throughout the record in

12   Plaintiff's statements.  For instance, Plaintiff testified to disabling headaches;

13   however, Plaintiff's testimony described far more severe symptoms than ever

14   reported to her treating or examining physicians. Tr. 22, 302, 405, 441, 445.

15   Further, although Plaintiff testified that no medicine relieved her head pain,

16   Plaintiff's past statements suggested that she experienced some improvement with

17   treatment.  Tr. 22, 413, 455.  These inconsistencies between Plaintiff's statements

18   provided a permissible and legitimate reason for discounting Plaintiff's credibility.

19   *Thomas*, 278 F.3d at 958.

20

1    Accordingly, this Court concludes the ALJ did not err in discounting

2    Plaintiff's credibility.

3    **B. Medical Opinion of Dr. Degooyer**

4        There are three types of physicians: "(1) those who treat the claimant

5    (treating physicians); (2) those who examine but do not treat the claimant

6    (examining physicians); and (3) those who neither examine nor treat the claimant

7    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

8    *Holohan*, 246 F.3d at 1201-02 (internal citations omitted).  Generally, a treating

9    physician's opinion carries more weight than an examining physician's, and an

10   examining physician's opinion carries more weight than a reviewing physician's.

11   *Id.*  In addition, the regulations give more weight to opinions that are explained

12   than to those that are not, and to the opinions of specialists concerning matters

13   relating to their specialty over that of nonspecialists.  *Id.* (citations omitted).  A

14   physician's opinion may be entitled to little if any weight, when it is an opinion on

15   a matter not related to her or his area of specialization.  *Id.* at 1203, n.2 (citation

16   omitted).

17       A treating physician's opinions are entitled to substantial weight in social

18   security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

19   (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an

20   ALJ may reject it only by offering "clear and convincing reasons that are supported

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1   by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

2   2005).  "However, the ALJ need not accept the opinion of any physician, including

3   a treating physician, if that opinion is brief, conclusory and inadequately supported

4   by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If

5   a treating or examining doctor's opinion is contradicted by another doctor's

6   opinion, an ALJ may only reject it by providing specific and legitimate reasons

7   that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing

8   *Lester*, 81 F.3d at 830-31).  An ALJ may also reject a treating physician's opinion

9   which is "based to a large extent on a claimant's self-reports that have been

10  properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (internal

11  quotation and citation omitted).

12      Plaintiff contends the ALJ erred by failing to properly reject the opinion of

13  her treating physician, Dr. Brett Degooyer.  ECF No. 16 at 11-16.  Plaintiff points to

14  Dr. Degooyer's completion of a November 2011 Medical Questionnaire in which he

15  checked the box opining that Plaintiff is not "capable of performing <u>any</u> type of

16  work on a reasonably continuous, sustained basis." *Id.*; Tr. 485.  Plaintiff asserts

17  that Dr. Degooyer's opinion was well supported by other evidence in the record and

18  Plaintiff's credible statements concerning the extent of her pain. Tr. 11-16.

19      This Court finds the ALJ properly considered and rejected the medical

20  opinion of Dr. Degooyer.  Tr. 13-14.  Because the opinion of Dr. Degooyer was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

contradicted, *see* Tr. 23-24 (discussing the opinions of State agency medical

consultants; Dr. Thompson, an examining neuropsychologist; and Dr. Devere, the

medical expert, all of whom did not find Plaintiff incapable of work), the ALJ may

reject only by offering specific and legitimate reasons supported by substantial

evidence. *Bayliss*, 427 F.3d at 1216.

The ALJ provided specific and legitimate reasons for rejecting Dr.

Degooyer's opinion. Tr. 24. First, the ALJ noted that Dr. Degooyer's opinion was

based on the Plaintiff's subjective symptoms of neck and upper extremity pain and

associated functional limitations. Tr. 24. As explained above, the ALJ determined

Plaintiff's self-reporting was not credible. Specific to this examination, although

Plaintiff alleged limitations regarding head motion and arm lifting, other evidence

in the record indicated that Plaintiff reported only intermittent neck and upper

extremity limitations. Tr.24, 475. Further, at the hearing, Plaintiff did not testify

to any neck or upper extremity pain despite the opportunity to testify about all her

impairments and the reasons for her inability to work. Tr. 24; *see* Tr. 56-72.

Because the ALJ need not accept a medical opinion based on a claimant's non-

credible self-reporting, *Tomasetti,* 533 F.3d at 1041, the ALJ properly rejected this

diagnosis.

Second, the ALJ noted that Dr. Degooyer's opinion was not supported by

the evidence in the record. Tr. 24. Although Plaintiff contends that Dr.

Degooyer's opinion is supported by ample evidence, ECF No. 16 at 11-14, she merely recounts all Plaintiff's limitations, rather than evidence that specifically supports Dr. Degooyer's opinion that Plaintiff was incapable of work.  In contrast, the ALJ found the objective medical evidence and other opinion evidence regarding Plaintiff's intermittent neck and upper extremity pain more appropriately supported a reduced range of light work.  Tr. 23-24, 475.  Because the ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings," *Bray*, 554 F.3d at 1228, the ALJ provided another specific and legitimate reason for rejecting Dr. Degooyer's opinion.  Accordingly, the ALJ did not err in rejecting Dr. Degooyer's opinion.

**C. Hypothetical Question Posed to Vocational Expert**

"Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant…." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  "Unless the record indicates that the ALJ had specific and legitimate reasons for disbelieving a claimant's testimony as to subjective limitations such as pain, those limitations must be included in the hypothetical in order for the vocational expert's testimony to have any evidentiary value."  *Embrey*, 849 F.2d at 423.  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).

1    Plaintiff contends the ALJ's hypothetical question posed to the vocational

2    expert did not adequately express the full extent of her limitations. ECF No. 16 at 19-

3    20.  Specifically, Plaintiff contends the question posed did not adequately account for

4    the opinion of Dr. Degooyer; Plaintiff's cognitive limitations;  Plaintiff's need to miss

5    work for medical treatment; or the limitations associated with Plaintiff's cervical

6    spondylosis, degenerative disease, and facet arthropathy.  *Id.*

7        The Court is unpersuaded that the ALJ failed to include the full extent of

8    Plaintiff's limitations in the hypothetical.  First—regarding Dr. Degooyer's opinion

9    and Plaintiff's need to miss work for medical treatment regarding her neck pain—

10    Plaintiff's contention is derivative of her arguments concerning the ALJ's rejection

11    of her credibility and Dr. Degooyer's medical opinion.  Given that the ALJ

12    properly rejected this evidence, no error has been shown.  Second, in regards to

13    Plaintiff's cognitive limitations, the ALJ incorporated Plaintiff's limitations in the

14    hypothetical to the extent the record supported these limitations.  Tr. 54; *see* Tr. 22

15    (finding that by August 2010, Plaintiff's memory issues had improved).  Finally—

16    regarding her limitations associated with cervical spondylosis, degenerative

17    disease, and facet arthropathy—the ALJ properly incorporated these limitations

18    into her hypothetical and RFC finding to the extent the limitations were credible.

19    Tr. 74-75.  In light of these limitations, the ALJ found Plaintiff was capable of a

20    reduced range of light work.  Tr. 23.  Plaintiff has failed to detail what further

limitations were warranted had the ALJ classified these conditions as severe at step two.  *See* ECF No. 16 at 20; *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was harmless where ALJ considered limitations caused by the condition at step four).  Therefore, no reversible error has been shown.

Accordingly, because the ALJ properly incorporated all Plaintiff's credible symptoms, limitations, and the objective and opinion evidence in her questions to the vocational expert, *see* Tr. 74-76 (posing hypotheticals that accounted for Plaintiff's physical and cognitive limitations), no error has been shown.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is
   **GRANTED**.

The District Court Executive is hereby directed to enter this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** October 30, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18